UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHANIE HASHEM,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ARMY AND AIR FORCE EXCHANGE SERVICE,<br><br>　　　　　　Defendant. | Case No. 2:14-cv-00549-APG-VCF<br><br>ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>(Dkt. No. 4) |

　　　　Plaintiff Stephanie Hashem was fired from her job by Defendant Army and Air Force Exchange Service ("AAFES"). Hashem contends that her termination constitutes discrimination. Although she filed administrative claims, she failed to follow the prescribed method in pursuing those claims. Thus, she has failed to exhaust her administrative remedies, and I must dismiss her Complaint.

　　　　Hashem was employed by AAFES (an independent agency under the authority and control of the Department of Defense) as a Food Service Worker and Supervisor. On December 17, 2012, her doctor recommended that her work activities be limited and that she not use her right arm for any heavy lifting. The next day, after reviewing the doctor's letter, Hashem's supervisors informed her "there was no such thing as light duty," and threatened termination for any extended absence due to her injury. (Dkt. #1 at 3:7-9.) Nonetheless, from January 2, 2013 to February 14, 2013 Hashem took leave from her work. After returning, Hashem's supervisors failed to provide her accommodations to allow her elbow to heal, and she was "continually scrutinized and reprimanded without justification." (*Id.* at 3:18-19.) On July 12, 2013, Hashem was accused of stealing merchandise totaling $68.60 because she left work with food items, a common practice among all employees. (*Id.* at 3:19-25.) Although she paid the $68.60 to her employer and no other employees were disciplined for their similar activities, Hashem was terminated in late July, 2013. (*Id.* at 2:26-27, 3:26-27.)

Hashem filed a complaint with the Equal Employment Opportunity Office ("EEO") of AAFES on July 29, 2011; she filed a "Harassment Complaint" on April 24, 2013; she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on July 30, 2013; and she filed a Charge of Discrimination with the EEOC on September 21, 2013. AAFES asserts that Hashem failed to follow the prescribed method in pursuing these administrative remedies, and thus failed to properly exhaust.

Title VII provides the exclusive remedy for a federal employee's discrimination claims against a federal employer. *Tocci v. Napolitano*, 791 F. Supp. 2d 994, 998 (D. Or. 2011) ("The remedies for a federal employee's employment discrimination claim against his or her federal employer are found in federal statutes, not in state statutes."). Thus, to the extent Hashem's claims rest upon Nevada statutes,[1] they are preempted by federal law, and she has failed to state a claim upon which relief may be granted. *Id.* Consequently, I dismiss Hashem's state law-based discrimination claims.

Hashem's allegations supporting her federal law claims are insufficient to show she exhausted her administrative remedies. Exhaustion of administrative remedies is a precondition to a federal employee's civil action for employment discrimination. *Vinieratos v. U.S., Dept. of Air Force Through Aldridge*, 939 F.2d 762, 767-68 (9th Cir. 1991) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)). For federal employees, administrative remedies begin at the Equal Employment Office ("EEO") of the alleged discriminating agency, not the EEOC. *Brown*, 425 U.S. at 832. A federal employee claiming discrimination typically has 45 days from the date of the discriminatory conduct to consult an EEO officer. 29 C.F.R. § 1614.105(a)(1). After the initial counseling session, the federal agency has 30 days[2] to informally resolve the dispute before the EEO must conduct a final interview and inform the employee of her right to file a formal complaint. 29 C.F.R. § 1614.105(d). The employee has 15 days from the final interview to file a formal complaint. *Id.* After receipt of a formal complaint, the agency has 180 days to conduct its

---

[1] Hashem's complaint contains a number of references to the Nevada Revised Statutes.

[2] A variety of circumstances can affect this deadline. 29 C.F.R. § 1614.105(d), (e), (f).

investigation and take final action with respect to the formal complaint. 29 C.F.R. §§ 1614.106(e)(2), 1614.110. Once the agency takes the final action, the employee has 90 days to either pursue an appeal with the EEOC, or file a civil complaint. 42 U.S.C. § 2000e-16(c). Additionally, a federal employee has a right to file a civil complaint 180 days after filing the formal complaint or a complaint with the EEOC if either the agency or the commission fails to take any action. *Id.*

Hashem has not demonstrated that she complied with this mandated process. First, her alleged July 29, 2011 EEO complaint is immaterial to this action because she filed that complaint over a year *before* any of the presently-alleged discriminatory conduct. Consequently, her EEO complaint could not have dealt with the facts alleged here. Second, Hashem's "Harassment Complaint" was filed prior to her termination, and thus cannot demonstrate exhaustion for any claims arising from the termination. Moreover, she does not explain what the "Harassment Complaint" was, what allegations it addressed, whether it was filed with the EEO, whether it reached the level of a formal complaint, or whether it was appealed to the EEOC. The bare allegations are insufficient to determine that Hashem complied with the mandatory procedures. Finally, Hashem's alleged filings with the EEOC can demonstrate exhaustion only if she appealed a final action from the AAFES to the EEOC. No such allegations are made in the Complaint. Consequently, Hashem's allegations are insufficient to demonstrate exhaustion.

Because Hashem has failed to exhaust her administrative remedies, her Complaint must be dismissed. However, her allegations demonstrate the *possibility* that she exhausted her administrative remedies. Thus, I dismiss Hashem's Complaint without prejudice. If Plaintiff can truthfully allege additional facts to show her compliance with the outlined procedures, she may file an Amended Complaint within 21 days of entry of this Order. Failure to do so will result in dismissal with prejudice.[3]

---

[3] Given this resolution, I need not address AAFES' additional argument for dismissal: that it was not properly served with process.

IT IS THEREFORE ORDERED that defendant Army and Air Force Exchange Service's Motion to Dismiss (Dkt. #4) is GRANTED. I dismiss Plaintiff's complaint without prejudice. Plaintiff shall have 21 days from the date of this order to file an Amended Complaint, if she can truthfully allege facts showing exhaustion of her administrative remedies.

DATED THIS 4th day of August, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4