# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| STEPHANIE HASHEM, | |
| Plaintiff, | 2:14-cv-00549-APG-VCF |
| vs. | **ORDER** |
| ARMY AND AIR FORCE EXCHANGE, SERVICE, | |
| Defendant. | |

Before the court is the government's Motion to Stay Discovery. (#19).

No opposition has been filed. Pursuant to Local Rule 7-2(d), [t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The Motion to Stay Discovery (#19) is granted for reasons stated below.

## LEGAL STANDARD

"A district court may ... stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L. Ed.2d 654 (1982); *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir.1979) (emphasis added). The Ninth Circuit has held that staying discovery pending a motion to dismiss is permissible where there are no factual issues raised by the motion to dismiss. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). The court may continue to stay discovery when the court is "convinced that the plaintiff will be unable to state a claim for relief" and where "discovery is not required to address the issues raised by [d]efendant's motion to dismiss." *White v. American Tobacco Co.*, 125 F.R.D. 508

(D. Nev. 1989)(citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir.1987)).

Although the Ninth Circuit has not issued a ruling enumerating factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending, federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed. *See, e.g., Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases). First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Id.* In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed. *Id.*

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Federal Rule of Civil Procedure 1, which states that the rules must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* The court must weigh the expense of discovery with the underlying principle that a stay of discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief. As the court in *Mlenjnecky* stated, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. 2011 WL 489743 at *6. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. *Id.*

Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Fed. R. Civ. P. 1. With this Rule as its prime

directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

## DISCUSSION

The court has undertaken a "preliminary peek" of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (#13) and found that there is sufficient grounds to order a stay of discovery.

After reviewing the argument, the court is convinced that a stay of discovery is proper. The pending Motion to Dismiss asserts lack of subject matter jurisdiction due to the plaintiff's failure to exhaust administrative remedies. The motion (#13) could be potentially dispositive of all of Plaintiff's claims against the defendant and can be decided without additional discovery. As Defendant satisfied both prongs of the test enumerated by the court in *Mlenjnecky*, entering a protective order staying discovery is appropriate. *See Mlenjnecky*, 2011 WL 489743, at *6.

The court also finds that a stay of discovery will accomplish the inexpensive and speedy determination of the action, as the parties will not incur unnecessary discovery costs during the pendency of the Motion to Dismiss (#13). *See* Fed. R. Civ. P. 1.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Stay Discovery (#19) is GRANTED.

IT IS FURTHER ORDERED that the Discovery Plan and Scheduling Order is due 20 days after entry of Judge Gordon's disposition of the pending Motion to Dismiss (#13), if necessary, or April 10, 2015, which ever date is earlier. This stay will be lifted upon the filing of the Discovery Plan and Scheduling Order.

DATED this 15th day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE