**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| STEPHANIE HASHEM,<br><br>            Plaintiff,<br><br>     v.<br><br>ARMY AND AIR FORCE EXCHANGE SERVICE,<br><br>            Defendant. | Case No. 2:14-CV-00549-APG-VCF<br><br>**ORDER**<br><br>(Dkt. #13) |

Plaintiff Stephanie Hashem was fired from her job at Defendant Army and Air Force Exchange Service ("AAFES") in July 2013. Hashem contends her termination was discriminatory and that she was subjected to a hostile work environment and disability discrimination while employed at AAFES. AAFES previously moved to dismiss, contending Hashem failed to exhaust her administrative remedies. I granted that motion, with leave to amend for Hashem to allege exhaustion. AAFES now moves to dismiss Hashem's Amended Complaint, again arguing Hashem failed to exhaust administrative remedies.

**I. Background**

AAFES hired Hashem as a food service worker in January 1989. (Dkt. #9 at 2-3.) Hashem alleges AAFES's supervisors were harassing her,[1] so she filed an equal employment opportunity ("EEO") complaint on July 29, 2011. (*Id.*) According to Hashem, AAFES did not inform her whether it conducted an investigation of her complaint. (*Id.*)

In December 2012, a doctor recommended Hashem's work activities be limited due to an injury to her elbow. (*Id.* at 3.) Hashem alleges she informed her supervisors of her limitations but her supervisors advised her "there was no such thing as light duty." (*Id.*) According to Hashem, they also told her she would be terminated if she missed work for an extended period of time due

---

[1] Hashem never elaborates on the facts constituting this alleged harassment or the substance of her July 29, 2011 complaint.

1  to injury. (*Id.*)  Hashem missed work from January 2, 2013 through February 14, 2013 because of
2  her elbow injury. (*Id.*)  According to Hashem, when she returned to work, she was given
3  physically demanding tasks against her doctor's orders. (*Id.* at 3-4.)  Hashem alleges she filed an
4  EEO complaint on April 24, 2013. (*Id.*)  According to Hashem, AAFES again did not inform her
5  about any investigation. (*Id.* at 4.)

6  On July 23, 2013, Hashem was accused of stealing food and drinks totaling $68.60. (*Id.*)
7  She was told to pay for the items or be fired, so Hashem paid AAFES $68.60. (*Id.*)  According to
8  Hashem, it was common practice for employees to take these types of items, management was
9  aware employees did so, and no other employees were reprimanded or terminated for this
10 conduct. (*Id.*)  AAFES terminated Hashem's employment later that month. (*Id.* at 4.)

11 Hashem filed a complaint with the Equal Employment Opportunity Commission
12 ("EEOC") on September 21, 2013. (*Id.*)  The EEOC issued a final determination letter to Hashem
13 in January 2014. (*Id.*)

14 Hashem filed suit in this Court against AAFES on April 10, 2014, asserting various
15 federal and state law claims related to her employment and termination. (Dkt. #1.)  AAFES
16 moved to dismiss, arguing Hashem's employment is governed solely by federal law and, thus, her
17 state law claims must be dismissed.  AAFES also argued Hashem failed to exhaust her
18 administrative remedies so her federal claims also must be dismissed.  I granted that motion, with
19 leave for Hashem to amend to adequately allege exhaustion for her federal claims.  Hashem filed
20 an Amended Complaint asserting claims under Title VII, the Americans with Disabilities Act
21 ("ADA), and the Rehabilitation Act for wrongful termination, hostile work environment, and
22 disability discrimination. (Dkt. #9.)

23 AAFES now moves to dismiss the Amended Complaint.  AAFES argues Hashem has not
24 exhausted her administrative remedies because (1) her 2011 complaint pre-dated the activities
25 about which she complains in her Amended Complaint, (2) AAFES has no record of receiving a
26 complaint in April 2013, and (3) the September 2013 complaint with the EEOC does not exhaust
27 her remedies because any complaint must be filed first with AAFES's EEO office.  Hashem
28

1  responds that she is alleging ongoing harassing conduct and therefore her earlier complaint
2  exhausts her administrative remedies.  Hashem further argues that whether she filed a complaint
3  in April 2013 is an issue of fact.  Finally, Hashem argues that AAFES failed to respond to her
4  earlier complaints and she therefore was justified in filing the September 2013 complaint with the
5  EEOC.

### II. Discussion

7  "AAFES is a nonappropriated fund instrumentality of the United States, that is, one that
8  does not receive funds by congressional appropriation." *Army & Air Force Exch. Serv. v.*
9  *Sheehan*, 456 U.S. 728, 730 n.1 (1982) (citing 10 U.S.C. §§ 4779(c), 9779(c)).  AAFES
10 employees are considered federal employees, even though not paid out of congressionally
11 appropriated funds. *Calder v. Crall*, 726 F.2d 598, 600 (9th Cir. 1984).

12 As federal employees, AAFES employees must exhaust administrative remedies before
13 bringing a discrimination lawsuit in federal court. *Kraus v. Presidio Trust Facilities*
14 *Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009); 42 U.S.C. §§ 2000e-16(a),
15 (c); 29 C.F.R. § 1614.103.  The failure to exhaust the required administrative remedies is an
16 affirmative defense that the defendant bears the burden of pleading and proving. *Kraus*, 572 F.3d
17 at 1046 n.7.

18 A federal employee alleging employment discrimination first must consult an EEO
19 counselor within 45 days of the discriminatory incident. 29 C.F.R. § 1614.105(a)(1).  If the matter
20 is not resolved through counseling within 30 days, the EEO counselor issues a notice informing
21 the employee of her right to file a discrimination complaint with the entity that employs her.
22 *Id.* § 1614.105(d).  The employee then has 15 days to file a formal complaint with her employer.
23 *Id.* §§ 1614.105(d), 1614.106(a).  Once she files the complaint, the employer has 180 days to
24 investigate. *Id.* §§ 1614.108(a), (e).  The employer may dismiss the complaint, settle it, or issue a
25 final decision on the merits. *Id.* §§ 1614.107, 1614.109(b)-(c), 1614.110.

26 If the employer dismisses the complaint or issues a final decision, the aggrieved individual
27 may file a civil suit in federal district court or appeal to the EEOC. *Id.* §§ 1614.401(a),
28

1614.407(a). If the employee elects to sue, she must do so within 90 days of receiving the employer's final decision. *Id.* § 1614.407(a). If the employer does not issue a final decision within 180 days of the complaint, the employee may sue any time after the 180-day period expires. *Id.* § 1614.407(b). If she appeals to the EEOC, she must do so within 30 days of receiving the employer's dismissal or final action. *Id.* § 1614.402(a). The employee may file suit in federal district court within 90 days of the EEOC's decision on appeal or 180 days after filing her appeal if the EEOC has not yet issued a decision. *Id.* § 1614.407(c)-(d). Additionally, "[i]f the employee files an optional administrative appeal, she may withdraw that appeal and file suit in district court without waiting 180 days from the filing of the notice of appeal." *Bullock v. Berrien*, 688 F.3d 613, 617-19 (9th Cir. 2012).

Here, AAFES presents the affidavit of Felecia Goolsby, EEO & Affirmative Employment Manager for the Exchange EEODI Office. (Dkt. #13-1 at 2.) According to Goolsby, the EEODI Office has no record of Hashem filing an EEO or sexual harassment complaint or a request for a reasonable accommodation on July 29, 2011 or April 24, 2013. (*Id.*) In response, Hashem avers under penalty of perjury that she "followed the administrative procedures by filing EEO Claims" on July 29, 2011 and April 24, 2013. (Dkt. #15 at 4, 8; *see also id.* at 5 (stating Hashem "filed a Complaint with the EEO" on July 29, 2011 and April 24, 2013).) Hashem also states she filed complaints with the EEOC on July 30, 2013 and September 21, 2013 and the EEOC issued a final decision on the September 21st charge on January 14, 2014. (*Id.* at 5.)

Because the parties have presented evidence outside the pleadings, I will convert AAFES's motion to one for summary judgment.[2] Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the

---

[2] AAFES characterizes its motion as a motion to dismiss for lack of subject matter jurisdiction because AAFES contends that a failure to exhaust administrative remedies deprives the Court of jurisdiction. AAFES cites no authority for that proposition. Under *Kraus*, which involved discrimination claims by a federal employee, exhaustion is an affirmative defense, not a jurisdictional question. 572 F.3d at 1046 n.7.

suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view all evidence and inferences which may be drawn therefrom in the light most favorable to the non-moving party, here, Hashem. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Wrongful Termination - Count One**

AAFES has met its burden of establishing no genuine issue of material fact remains that Hashem failed to exhaust her administrative remedies related to her alleged wrongful termination. Even accepting as true that Hashem filed all the above-listed complaints, her first two complaints could not exhaust her administrative remedies because both complaints pre-dated her termination. Hashem contends she is alleging ongoing discriminatory behavior. However, termination is a discrete discriminatory act for which Hashem had to file a separate complaint to exhaust her administrative remedies. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002); *Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003). Additionally, her last two complaints did not properly exhaust her administrative remedies as to her termination because she states she filed the complaints with the EEOC, not with AAFES. (Dkt. #15 at 5.) Hashem contends she was justified in bypassing AAFES because her prior complaints to AAFES went unanswered, but the administrative procedures does not allow for any such exception. Rather, the administrative procedures contemplate that if the employer does not provide a decision within 180 days of a formal complaint, the employee may file suit in district court. Hashem's wrongful termination claim therefore is barred for failure to exhaust administrative remedies.

**B. Hostile Work Environment & Disability Discrimination - Counts Two & Three**

AAFES has met its initial burden of establishing Hashem failed to exhaust her remedies with respect to her hostile work environment and disability discrimination claims. The July 2011 complaint pre-dates the conduct described in the Amended Complaint's factual allegations, which begins in December 2012 with the doctor's recommendation for light duty work. Additionally, AAFES presents Goolsby's affidavit in which she avers AAFES has no record of receiving the July 2011 and April 2013 complaints. Finally, Hashem's complaints with the EEOC cannot exhaust her remedies with respect to her hostile work environment and disability claims because they were not first filed with AAFES.

However, Hashem avers under penalty of perjury that she followed the EEO procedures and filed a complaint on April 24, 2013. Viewing this evidence and all reasonable inferences in the light most favorable to Hashem, a genuine issue of fact remains as to whether Hashem exhausted her remedies through the April 2013 complaint. Based on the evidence before me, I deny AAFES's motion with respect to Hashem's hostile work environment and disability discrimination claims. The denial is without prejudice to renew should discovery reveal that Hashem in fact did not adequately exhaust her administrative remedies with respect to these claims.

**III. Conclusion**

IT IS THEREFORE ORDERED that Defendant Army and Air Force Exchange Service's Motion to Dismiss Plaintiff's Amended Complaint is hereby GRANTED in part and DENIED in part. The motion is granted with respect to Plaintiff Stephanie Hashem's wrongful termination claim in count one. The motion is denied as to Plaintiff Stephanie Hashem's hostile work environment and disability discrimination claims in counts two and three, without prejudice to renew.

DATED this 18th day of December, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE