UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHANIE HASHEM,<br><br>    Plaintiff,<br><br>    v.<br><br>ARMY AND AIR FORCE EXCHANGE SERVICE,<br><br>    Defendant. | Case No. 2:14-CV-00549-APG-VCF<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 39); (2) DENYING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT (ECF NO. 48); AND (3) EXTENDING THE DISPOSITIVE-MOTION DEADLINE** |

Plaintiff Stephanie Hashem was fired from her job at defendant Army and Air Force Exchange Service ("AAFES") in July 2013. Hashem contends that, due to an elbow injury requiring her to perform less physically-demanding work, she was subjected to a hostile work environment and disability discrimination while employed at AAFES. AAFES previously moved to dismiss Hashem's amended complaint, arguing that Hashem failed to exhaust her administrative remedies. I converted that motion into a motion for summary judgment and granted it for Hashem's wrongful-termination claim and denied it for her claims for hostile work environment and disability discrimination. ECF No. 21.

Hashem now moves for summary judgment on her remaining claims, arguing that AAFES's denial of some of her discovery requests based on a lack of knowledge demonstrates that there is no genuine dispute of material fact. AAFES renews its motion for summary judgment and argues that Hashem's deposition testimony establishes that she failed to file a formal complaint with AAFES and has thus failed to exhaust her administrative remedies.

I deny Hashem's motion because she did not make legal arguments demonstrating that she is entitled to judgment as a matter of law. I also deny AAFES's motion because it provided unauthenticated deposition excerpts that, even if considered, do not demonstrate that Hashem did not file a formal complaint with AAFES.

## I. BACKGROUND

AAFES hired Hashem as a food-service worker in January 1989. ECF No. 39 at 4. In December 2012, a doctor recommended Hashem's work activities be limited due to an injury to her elbow. *Id.* Hashem claims she informed her supervisors of her limitations but her supervisors advised her that "there was no such thing as light duty." *Id.* at 5. According to Hashem, they also told her that she would be terminated if she missed work for an extended period of time due to the injury, and she was given physically demanding tasks against her doctor's orders. *Id.* Hashem states that she filed an EEO complaint on April 24, 2013. ECF No. 51 at 5–6. According to Hashem, she was subsequently terminated for conduct that was a common practice among AAFES employees. ECF No. 39 at 6.

Hashem filed this suit on April 10, 2014, asserting various federal and state law claims related to her employment and termination. ECF No. 1. Hashem later filed an amended complaint asserting claims under Title VII, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act for wrongful termination, hostile work environment, and disability discrimination. ECF No. 9. I granted summary judgment to AAFES on Hashem's wrongful-termination claim because the administrative complaints she allegedly filed pre-dated her termination, and the undisputed evidence established that she did not exhaust her administrative remedies on that claim. ECF No. 21 at 5. I found that questions of fact exist regarding whether Hashem exhausted her administrative remedies for her hostile-work-environment and disability-discrimination claims by filing an EEO complaint on April 24, 2013. *Id.* at 5. Thus, I denied summary judgment on those claims without prejudice to renew should discovery reveal that Hashem did not adequately exhaust her administrative remedies. *Id.* at 6.

After discovery closed, both parties moved for summary judgment. I address each motion in turn.

## II. ANALYSIS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact

2

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view all evidence and inferences that may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Hashem has not demonstrated that she is entitled to judgment as a matter of law.

Hashem argues that AAFES's responses to her discovery requests undisputedly demonstrate that AAFES harassed her and discriminated against her by (1) refusing to assign her light duty due to her elbow injury and (2) terminating her but not other employees for taking home food items when it was a common employee practice. She points to several requests for admissions to which AAFES responded that it was "without sufficient information to admit or deny [and] therefore denies."[1] ECF No. 39 at 38–39. AAFES explained that it denied these requests for admissions because Hashem's former supervisor retired, and therefore AAFES could not obtain the relevant information. *Id.* at 46.

Hashem additionally highlights one of her requests for production, which requested documents "showing the work assignments given to [her] by [AAFES] from December 18, 2012

---

[1] For example, Hashem asked AAFES to "[a]dmit that upon her return to work on or about February 14, 2013, [she] was assigned duties that included working on the grill and mopping the floor." ECF No. 39 at 38.

through July 12, 2013." *Id.* at 8, 51. AAFES responded with a document that provides a "summary of responsibilities" for a "food service foreman." *Id*. at 55. Because the document has a January 2003 effective date and was last modified on June 22, 2012, Hashem argues that it fails to detail her job responsibilities for the entire requested date range. She also argues that this issue "confirms [her] assertion that [AAFES] failed to accommodate her as recommended by her doctor . . . and refused to assign her any 'light' duty[,] causing her condition to become worse." *Id*. at 8.

Federal Rule of Civil Procedure 36(a)(4) allows a party responding to a request for admissions to "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." AAFES partially satisfied this rule by explaining that it lacked information regarding the supervisor's statements because the supervisor had retired. Although AAFES did not state that it made reasonable inquiries by attempting to locate the supervisor, Hashem's dissatisfaction with AAFES's responses does not demonstrate that her claims are undisputed. If she felt that AAFES's responses did not comply with Rule 36, she could have conferred with AAFES's counsel and, if unsuccessful in resolving the issue, filed a motion under Federal Rule of Civil Procedure 37. Similarly, Hashem's dissatisfaction with AAFES's response to her request for production of documents does not demonstrate that her claims are undisputed.

Hashem provides evidence in support of her claims through her verified motion, which sets forth facts that she avers to be true under penalty of perjury. For example, Hashem states that, despite a doctor's note, her former supervisor refused to assign her lighter duties and stated "that she would be demoted, and possibly lose her job, if she missed work for any extended period of time due to her injury." ECF No. 39 at 5.

However, Hashem has not met her burden of demonstrating that she is entitled to judgment as a matter of law. She devotes her motion to addressing the alleged deficiencies in AAFES's discovery responses, but she fails to make any legal arguments or cite any legal

1  authorities demonstrating that she has proven each element of her claims of hostile-work-
2  environment and disability discrimination.  Instead, she asserts in conclusory fashion that
3  AAFES's conduct violated Title VII and the ADA. *See, e.g.*, *id*. at 9.  I must therefore deny her
4  motion for summary judgment.

### B. AAFES has failed to establish that Hashem did not exhaust her administrative remedies.

To file suit for employment discrimination, a federal employee must first exhaust administrative remedies. *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009); 42 U.S.C. §§ 2000e-16(a), (c); 29 C.F.R. § 1614.103.  The employee begins the administrative process by consulting an EEO counselor within 45 days of the discriminatory incident. 29 C.F.R. § 1614.105(a)(1).  If the matter is not resolved through counseling within 30 days, the EEO counselor issues a notice informing the employee of her right to file a formal discrimination complaint with the entity that employs her and "of the appropriate official with whom to file a complaint." *Id*. § 1614.105(d).  The employee then has 15 days to file a formal complaint with her employer. *Id*. §§ 1614.105(d), 1614.106(a).  Once she files the complaint, the employer has 180 days to investigate. *Id*. §§ 1614.108(a), (e).  After the employee receives a copy of the investigation file, she must choose and exhaust one of two administrative routes before filing suit in federal court. *Id*. § 1614.108(f); *see also* 29 C.F.R. § 1614.407.

/////
/////
/////
/////
/////
/////
/////
/////

1  In its renewed motion for summary judgment, AAFES argues that Hashem's deposition
2  testimony shows that she did not file a formal EEO complaint on April 24, 2013, and that she has
3  therefore failed to exhaust her administrative remedies. At certain points in her testimony
4  Hashem appears to acknowledge that she did not file a formal complaint.[2] But AAFES has not
5  authenticated the transcript excerpts. "Authentication is a 'condition precedent to admissibility,'
6  and this condition is satisfied by 'evidence sufficient to support a finding that the matter in
7  question is what its proponent claims.'" *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th
8  Cir. 2002) (footnote omitted) (quoting Fed. R. Evid. 901(a)). "[U]nauthenticated documents
9  cannot be considered in a motion for summary judgment." *Id*. To be authenticated, a deposition
10 must "identif[y] the names of the deponent and the action and include[] the reporter's
11 certification that the deposition is a true record of the testimony of the deponent. Ordinarily, this
12 would have to be accomplished by attaching the cover page of the deposition and the reporter's
13 certification to every deposition extract submitted." *Id*. at 774 (internal citations omitted).
14 Because AAFES has failed to include a cover page and the reporter's certification with its
15 deposition excerpts, I cannot consider this exhibit for summary judgment.

16  Even if AAFES had authenticated the deposition excerpts, this evidence does not
17 conclusively answer whether Hashem filed a formal EEO complaint. The provided transcript
18 excerpts are difficult to follow and do not provide the context for much of the dialogue.
19 However, Hashem testified that the EEO complaint she allegedly made on April 24, 2013
20 consisted of her sending an email to what both parties refer to as a "hotline." ECF No. 48-2 at 3–

---

[2] For example:

    Q.    You have never filed an EEO complaint with AAFES?
    A.    Not in 2013.
    Q.    Right, I'm sorry, I should have said that. Right. In 2013, you did not file an EEO complaint with AAFES?
    A.    No.

ECF No. 48-2 at 7.

4. Hashem refers to the email address as the "AAFES hotline" or "EEO hotline."[3] *Id.* at 3; ECF No. 50 at 3. AAFES refers to it as the "IG's" or inspector general's hotline. ECF No. 48-2 at 4; ECF No. 53 at 3. Neither party has presented evidence definitively identifying what individual or entity Hashem emailed, and neither party has included a copy of Hashem's April 24 email as an exhibit.

AAFES has not explained how its employees are supposed to file a formal EEO complaint. After attempting to informally address an employment-discrimination claim, a federal employer's EEO counselor must provide the employee notice of the right to file a formal complaint. 29 C.F.R. § 1614.105(d). This notice must also direct the employee to "the appropriate official with whom to file a [formal] complaint." *Id.* Although arguing that an informal complaint does not satisfy the exhaustion requirement, AAFES has not explained which of its officials receives EEO complaints from employees and what mechanism is used to lodge the complaint, such as email. Because AAFES has failed to contrast the correct complaint procedure with Hashem's email to the "hotline," I cannot definitively determine whether she filed a formal complaint.

Additionally, Hashem references an investigation that took place after she emailed her complaint. S*ee, e.g.*, ECF No. 48-2 at 2. AAFES argues that this fact, if true, "suggest[s] that the hotline [that Hashem emailed] is actually an email option for filing informal complaints with the inspector general's office, which is separate from the EEO office." ECF No. 53 at 3. AAFES, however, provides no evidence to support this assertion, and this is not the only conclusion that can be drawn. For example, federal regulations require a federal employer to conduct an investigation after an employee files a formal complaint. 29 C.F.R. § 1614.108(a), (e). While there is no evidence that the investigation that Hashem references was a post-complaint investigation by AAFES, her testimony about an investigation further demonstrates the record's

---

[3] It is not clear from Hashem's opposition whether she believes she filed a formal complaint. For example, Hashem argues that she "was clear about the fact that she had complained to [the] EEO Hotline of the on-going Harassment on the date in question," which she believes "constitutes at least an informal complaint." ECF No. 50 at 3 (emphasis omitted).

lack of clarity. As a result, it is still unclear whether Hashem exhausted her administrative remedies by filing a formal EEO complaint. I therefore cannot grant AAFES's summary judgment motion.

In the interest of justice and efficiency, I will extend the dispositive-motion deadline and grant both parties an opportunity to renew their summary judgment motions. Each party should address the deficiencies in their respective motions that I have highlighted above.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Hashem's motion for summary judgment **(ECF No. 39) is DENIED.**

IT IS FURTHER ORDERED that AAFES's renewed motion for summary judgment **(ECF No. 48) is DENIED.**

IT IS FURTHER ORDERED that the dispositive motion deadline is extended to **May 13, 2016**.

DATED this 15th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE