**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| STEPHANIE HASHEM,<br><br>       Plaintiff,<br><br>    v.<br><br>ARMY AND AIR FORCE EXCHANGE SERVICE,<br><br>       Defendant. | Case No. 2:14-CV-00549-APG-VCF<br><br>**ORDER (1) DENYING DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 57, 59) |

    Plaintiff Stephanie Hashem was fired from her job at defendant Army and Air Force Exchange Service ("AAFES") in July 2013. Hashem contends that, due to an elbow injury requiring her to perform less physically-demanding work, she was subjected to a hostile work environment and disability discrimination while employed at AAFES. AAFES previously moved to dismiss Hashem's amended complaint, arguing that Hashem failed to exhaust her administrative remedies. I converted that motion into a motion for summary judgment and granted it for Hashem's wrongful termination claim and denied it for her claims for hostile work environment and disability discrimination. ECF No. 21.

    Hashem filed a second amended complaint. ECF No. 24. The parties then moved for summary judgment. ECF Nos. 39, 48. I denied both motions but extended the dispositive motion deadline to give each party an opportunity to address the identified deficiencies in their respective motions. ECF No. 56. The parties now renew their summary judgment motions.

    Summary judgment is appropriate if the pleadings, depositions, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477

1  U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could
2  return a verdict for the nonmoving party." *Id.*
3      The party seeking summary judgment bears the initial burden of informing the court of
4  the basis for its motion, and identifying those portions of the record that demonstrate the absence
5  of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The
6  burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts
7  demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato
8  Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view all evidence and inferences that may be
9  drawn therefrom in the light most favorable to the non-moving party. *James River Ins. Co. v.
10 Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).
11     **A.  AAFES's Motion for Summary Judgment (ECF No. 59)**
12     AAFES moves for summary judgment on the basis that Hashem did not exhaust her
13 administrative remedies because she never filed a formal complaint with AAFES.  Hashem
14 responds that she filed a complaint through an email hotline.
15     Before filing a suit for employment discrimination, a federal employee must first exhaust
16 administrative remedies. *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572
17 F.3d 1039, 1043 (9th Cir. 2009); 42 U.S.C. §§ 2000e-16(a), (c); 29 C.F.R. § 1614.103 *et seq*.
18 The employee begins the administrative process by consulting an EEO counselor within 45 days
19 of the discriminatory incident. 29 C.F.R. § 1614.105(a)(1).  If the matter is not resolved through
20 counseling within 30 days, the EEO counselor issues a notice informing the employee of her
21 right to file a formal discrimination complaint with the entity that employs her and "of the
22 appropriate official with whom to file a complaint." *Id*. § 1614.105(d).  The employee then has
23 15 days to file a formal complaint with her employer. *Id*. §§ 1614.105(d), 1614.106(a)-(b).  Once
24 she files the complaint, the employer has 180 days to investigate. *Id*. §§ 1614.108(a), (e).  After
25 the employee receives a copy of the investigation file, she must choose and exhaust one of two
26 administrative routes before filing suit in federal court. *Id*. § 1614.108(f); *see also* 29 C.F.R.
27 § 1614.407.
28

The purpose of the exhaustion requirement is to provide the agency with an opportunity to informally resolve a dispute "before resorting to the formal EEO complaint process . . . without imposing an unduly rigid or formalistic procedural hurdle on injured employees seeking redress." *Kraus*, 572 F.3d at 1045.  "Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies is an affirmative defense, [so] the defendant bears the burden of pleading and proving it." *Id.* at 1046 n.7 (quotation omitted).

I set out the background facts more fully in my prior order and I will not repeat them here except where necessary.  On April 24, 2013, Hashem sent an email with the subject line "harassment complaint" to the AAFES Inspector General's hotline. ECF No. 59-3.  Within that email, Hashem complained that her supervisor told her there is no light duty and that she was required to work or be demoted or fired despite her injury. *Id.* at 6.

AAFES presents evidence that the Inspector General hotline is meant for complaints about fraud, waste, and abuse, and is not connected to the EEO process. ECF No. 59-4 at 2. However, the Inspector General investigated the harassment complaint by requesting Lawrence Simmons, Jr., the general manager of AAFES at Nellis, to conduct an inquiry. ECF No. 59-4. Simmons did so and found the allegation that Hashem's supervisor told her there was no light duty was "sustained." ECF Nos. 59-5 at 2; 59-4 at 4.  Hashem was informed about the results of the Inspector General's investigation and that "[a]ppropriate action has been taken," but she was not told what specific action was taken. ECF No. 59-5.

Viewing this evidence in the light most favorable to Hashem on AAFES's summary judgment motion, genuine issues of fact remain as to whether Hashem filed a formal complaint with AAFES.  Section 1614.106 states that the plaintiff must file a complaint "with the agency." It does not identify a particular office or officer that the complaint must be filed with.  That is likely because the 15-day period to file the formal complaint is triggered when the plaintiff receives "the notice required by § 1614.105(d), (e), or (f)." 29 C.F.R. § 1614.106(b).  That notice arises out of the informal resolution process initiated upon consulting an EEO counselor. *Id.* § 1614.105.  The notice must inform the plaintiff of her right to file a discrimination complaint

within 15 days and it must identify "the appropriate official with whom to file a complaint." *Id.* § 1614.105(d); *see also id.* §§ 1614.105(e), (f) (requiring the notice in subsection (d)).

AAFES has not moved for summary judgment on the ground that Hashem failed to timely consult with an EEO counselor. It is unclear from the evidence presented whether she did so. It thus is also unclear whether Hashem was given a 15-day notice and told with whom she should file her formal complaint. Viewing the facts and reasonable inferences in Hashem's favor, and bearing in mind that AAFES bears the burden of establishing the affirmative defense of failure to exhaust, issues of fact remain as to whether Hashem satisfied the formal complaint requirement by emailing her hotline complaint to the Inspector General. I therefore deny AAFES's motion for summary judgment. However, AAFES is not precluded from attempting to establish its affirmative defense at trial.

### B. Hashem's Motion for Summary Judgment (ECF No. 57)

I also deny Hashem's motion because it suffers from the same defects as her prior motion. As the plaintiff, Hashem bears the burden of presenting evidence establishing there is no genuine issue of material fact as to each essential element of each of her remaining claims. *See C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) ("When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. . . . In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.") (quotation and internal citation omitted). Hashem has not done so.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Hashem's renewed motion for summary judgment **(ECF No. 57) is DENIED.**

/ / / /

/ / / /

1      IT IS FURTHER ORDERED that AAFES's second renewed motion for summary judgment **(ECF No. 59) is DENIED.**

DATED this 6th day of January, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE